**Ramanan NESALINGAM, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 03–40815–ag.

United States Court of Appeals, Second Circuit.

July 11, 2007.

Joshua E. Bardavid, Law Office of Theodore N. Cox, New York, NY, for Petitioner.

Richard B. Roper, United States Attorney, Donna K. Webb, Assistant United States Attorney, Fort Worth, TX, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Ramanan Nesalingam, a native and citizen of Sri Lanka, seeks review of an October 16, 2003, order of the BIA affirming the July 9, 2002, decision of Immigration Judge ("IJ") Gabriel C. Videla, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ramanan Nesalingam,* No. A76 130 192 (B.I.A. Oct. 16, 2003), *aff'g* No. A76 130 192 (Immig. Ct. N.Y. City Jul. 9, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Upon our review of the record, we conclude that the IJ's finding that Nesalingam was not credible is not supported by substantial evidence. In reaching his adverse credibility determination, the IJ relied almost exclusively on a Forensics Document Laboratory ("FDL") report indicating that the identification card Nesalingam submitted was counterfeit. The IJ found implausible Nesalingam's explanation that he had no knowledge of the fraud, and that his uncle was responsible for obtaining the card.

False evidence attributable to the applicant may "infect" his uncorroborated evidence, and an IJ may properly rely on that false document to find that the applicant is not credible. *See Siewe v. Gonzales,* 480

F.3d 160, 170 (2d Cir.2007). We have, however, stated that "[a]n alien's submission of documentary evidence that the alien does not know, and has no reason to know, is inauthentic, is no basis for *falsus in uno.*" *Id.* at 171.

In reaching his conclusion regarding Nesalingam's explanation for the submission of a fraudulent document, the IJ reasoned, "It is interesting to know that before any issues were raised regarding the authenticity of this card, the respondent never attributed his uncle as being involved in the issuance of the ID card. It was only after the forensics report surfaced that the respondent now attributes this to his uncle. . . ." Contrary to the IJ's assertion, however, Nesalingam did testify at his initial hearing in July 2000 that he had applied for the card "through [his] uncle," JA 110, and that his uncle had mailed the card to him in the United States, JA 98. The FDL report was not issued until September 2000, after Nesalingam gave that testimony. Thus, the IJ's characterization of the record was flawed.

While the IJ was not required to credit Nesalingam's explanation unless a reasonable factfinder would have been compelled to do so, *see Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005), the IJ should have provided a reasoned evaluation of that explanation, *see Cao He Lin,* 428 F.3d at 403. Because the IJ used flawed reasoning to reject Nesalingam's claim that he did not know that the card was counterfeit, and because Nesalingam's potential lack of knowledge about the fraudulence of the card could excuse his submission of that card, *see Siewe,* 480 F.3d at 171, the error in the IJ's reasoning warrants remand of this case. Moreover, given the extent to which the IJ relied on the fraudulent document in reaching his adverse credibility determination, remand would not be futile in this case because we cannot "confidently predict" that the IJ would reach the same decision absent the errors that were made. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.